By the Court.
Bosworth, J.
The Code allows any amendments to be made which will conform the pleadings or proceedings to the facts proved, when the amendment does not change substantially the claim or defence, § 173.
The claim substantially was that the defendant owed the plaintiff a balance of $177.87, for dressed hogs, sold and delivered between the 1st of August, 1853, and the 1st of November, 1853. The substance of the defence was, that not over $25 was due to the plaintiff. The complaint stated that thirty-six hogs were sold and delivered. This the answer denied, by denying each and every allegation of the complaint, but it did not state how many had been delivered.
The complaint said, those delivered were worth $327.87, and' $150 had been paid on account. The answer averred they were not worth over $260, and that $250 had been paid on account.
As has been stated, no objection was made on the trial to the plaintiff’s proving that he delivered forty, that their average-weight was 110 lbs. each, and the proof given by the defendánti of their market value was adopted by the referee. The amendments made conformed the pleadings to the facts as found, upon evidence given, and submitted to the referee without objection.
The sum reported in favor of the plaintiff is less than the *230 amount sought to be recovered, and this case, therefore, differs from Corning v. Corning, (2 Seld. 97.)
In Spaun v. Veeder, (5 Cowen, 503,) a plaintiff was allowed to amend his bill of particulars after a new trial granted, and it had been twice subsequently noticed, upon paying the costs of the motion, unless the defendant varied his defence, in which event it was to be on payment of all costs subsequent to the plea.
In Saltus & Saltus v. Bayard and others, (12 Wend. 228,) a plaintiff, after a cause had been at issue two years, and twice noticed for trial, was allowed to amend his declaration, on payment of costs of the motion only, unless the pleas were withdrawn, or a new defence became necessary.
In Every v. Merwin, (6 Cowen, 360-368,) the court allowed an amendment to be made after a report of referees, and after a motion to set it aside, to avoid the effect of a variance, on payment of the same costs, as if the amendment had been made previous to the hearing before the referees.
We think the amendment was such a one as the Code authorized, and was designed to provide for, and it not appearing from any paper read in opposition to the motion to amend, that granting the motion could work any injustice to the defendant, the order should not be disturbed, nor the judgment of the referee reversed, merely because the referee found, on evidence not objected to, that forty instead of thirty-six hogs were delivered.
The objection that the evidence given was insufficient to warrant the finding of the referee, cannot prevail.
Though slight, and not very satisfactory in consequence of its want of precision, it was proper to be submitted to a jury, and if credited .warranted the finding.
Both 'parties did their business very loosely. This is as well illustrated by the evidence, relied on by the defendant to prove payments, as by that given by the plaintiff of the number of hogs he had delivered. We do not think it so apparent that injustice has been done, that it is our duty to interfere with the report. The judgment must, therefore, be affirmed.